IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| NORMA GLASS, Individually and | * | |
| as Temporary Administrator of the | | |
| Estate of ROGER PHILLIP GLASS III, | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No. _____ |
| | | |
| FEDEX CORPORATION, | * | |
| FEDEX FREIGHT, INC., and | | |
| FEDEX FREIGHT CORPORATION | * | |
| | | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

### RENEWAL ACTION

COME NOW Plaintiff Norma Glass, Individually and as Temporary Administrator of the

Estate of Roger Phillip Glass III, by and through her counsel of record, and files her Complaint for

Damages against the above-referenced Defendants, showing the Court as follows:

1.     This action is a renewal of a civil action, styled filed *Norma Glass, Individually and*

*as Temporary Administrator of the Estate of Roger Phillip Glass III v. FedEx Corporation, FedEx*

*Freight Inc., FedEx Freight Corporation, David Kent Fleming, and Protective Insurance*

*Company,* Civil Action No. ST-15-CV0435 in the State Court of Athens-Clarke County, Georgia.

2.     The Plaintiff voluntarily dismissed that action without prejudice on June 15, 2017

pursuant to O.C.G.A. § 9-11-41(a).

3.     All costs of that prior civil action in the State Court of Athens-Clarke County,

Georgia have been paid as demonstrated by the Clerk's certificate attached as **Exhibit A.**

4.     The Plaintiff hereby timely renews that action within six (6) months of dismissal

pursuant to O.C.G.A. §§ 9-2-61(a) and 9-11-41(a).

## INTRODUCTION

5.      This is an action against Defendants for damages and all other available relief for the personal injuries to and wrongful death of Roger Phillip Glass III, deceased (Mr. Glass).

6.      The claims asserted herein involve a 2005 Volvo commercial tractor-trailer truck (the FedEx Truck), driven by David Kent Fleming (Fleming), striking and killing Phillip Glass, a pedestrian, along the shoulder of Georgia State Highway 10, aka the Atlanta Highway, west of Commerce Boulevard, in the City of Athens, Clarke County, Georgia on December 27, 2013 at approximately 10:00 p.m.

7.      At that time and place, Fleming was an employee of FedEx Corporation (FedEx), FedEx Freight, Inc. (FedEx Freight), FedEx Freight Corporation (FedEx Freight Corp.), or some or all of them.

8.      At that time and place, FedEx, FedEx Freight, FedEx Freight Corp., or some or all of them, owned the FedEx Truck driven and operated by Fleming.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS
### Nature of the Case, Parties, Jurisdiction, Venue, and Conditions Precedent

9.      Plaintiff Norma Glass is an individual citizen of the state of Georgia and resides at 170 Ernie Way, Statham, Barrow County, Georgia.

10.      Mr. Glass was a citizen of Georgia and a resident of Barrow County, Georgia at the time of his death.

11.      Plaintiff Norma Glass is Mr. Glass's natural mother. As such, she is the party vested under Georgia law with the right of action for his homicide.

12.      Plaintiff Norma Glass is the duly appointed, qualified, and acting Temporary Administrator of Mr. Glass' Estate. As such, she is the party vested under Georgia law with the

right of action for all Mr. Glass' claims surviving his death, as well for the claims of his estate for funeral and other expenses resulting from his death.

### The FedEx Enterprise Defendants

13.    FedEx is a for profit corporation organized under Delaware law, and is a citizen and resident of that state. FedEx's principal place of business is 942 South Shady Grove Road, Memphis, Shelby County, Tennessee 38120.

14.    FedEx is a global company that provides shipping, transportation, and logistics services to shippers worldwide and throughout the world, and in the United States and Georgia.

15.    FedEx transacts business by acting through its agents, alter egos, joint venturers, and wholly owned and controlled subsidiaries operating under the FedEx brand name.

16.    Together, FedEx, its agents, alter egos, joint venturers, and wholly owned and controlled subsidiaries are a single business enterprise operating under the FedEx brand name for the ultimate benefit of FedEx.

17.    FedEx has not applied to the Georgia Secretary of State for a certificate of authority to do business in Georgia and has not designated a registered office and agent as required by O.C.G.A. § 14-2-1501 *et seq.*

18.    FedEx was in fact doing business in this state and district and division at all times relevant to this action.

19.    The claims asserted in this action arise out of FedEx's transaction of business in this state, district, and division.

20.    FedEx regularly does and solicits business in Georgia and this district and division, and engages in a persistent course of conduct in Georgia and this district and division, acting by

and through its agents, alter egos, joint venturers, and wholly owned and controlled subsidiaries, including FedEx Freight and FedEx Freight Corp.

21.    FedEx derives substantial revenues directly or indirectly from its services rendered in Georgia, and this district and division acting by and through its agents, alter egos, and joint venturers, and wholly owned and controlled subsidiaries, including FedEx Freight and FedEx Freight Corp.

22.    In its 10-K filings with the Securities and Exchange Commission, FedEx publicly represents and maintains that the entire FedEx portfolio of services is a singular, interconnected unit.[1]

23.    Acting through its agents, alter egos, or joint venturers, including FedEx Freight, FedEx Freight Corp., or both of them, FedEx is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-50 *et seq.*, and is subject to the provisions of that Act.

24.    FedEx operates a Service Center at 145 Collins Industrial Boulevard, Athens, Clarke County, Georgia 30601 in this district and division through its agents, alter egos, and joint venturers, FedEx Freight, FedEx Freight Corp., or some or both of them.

25.    This action arises out of tortious acts or omissions FedEx has committed in this state, district, and division in the operation of a commercial tractor-trailer vehicle by its agents, alter egos, and joint venturers, FedEx Freight, FedEx Freight Corp., or both of them, as well as its agent, employee, or statutory employee, Fleming.

26.    These tortious acts or omissions resulted in Mr. Glass's fatal injuries, ultimately leading to his death in this state, district and division.

---

[1] "(FedEx) manage(s) our business as a portfolio – in the long-term best interest of the enterprise, not a particular operating company [such as FedEx Freight]." (Fed Ex 2014 10-K filing p. 3)

27.    FedEx is subject to the jurisdiction of this Court and venue of this action properly lies in this state, district and division pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d) because a substantial part of the events and omissions giving rise to this cause of action occurred in this district and division and at least one of the Defendants is subject to personal jurisdiction here.

28.    FedEx is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to the Georgia Long-Arm Statute, O.C.G.A. §§ 9-10-90 *et seq*.

29.    The jurisdictional contacts of FedEx Freight Corp and FedEx Freight are legally imputed to FedEx because FedEx established, maintains, and controls these subsidiaries to engage in activities in the United States and in Georgia, and this district and division, that, but for the existence of FedEx Freight, FedEx Freight Corp., or both of them, FedEx would have to undertake itself.

30.    FedEx accepted the rights and privileges conferred by the laws of Georgia as evidenced by its operation of a motor vehicle within the territorial limits of Georgia and this district and division, through its agents, alter egos, and joint venturers FedEx Freight, or FedEx Freight Corp., or both of them.

31.    FedEx is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to the Georgia Nonresident Motorist Act, O.C.G.A. § 40-12-3.

32.    FedEx may be served outside this state under the Georgia Long-Arm Statute by delivering the summons and complaint to one of its officers or managing agents at its principal place of business as provided in O.C.G.A. §§ 9-10-94 and 9-11-4(g) and (j) and F.R.C.P. 4(h). These officers or managing agents include, but are not limited to, Frederick W. Smith (FedEx's

Chairman and Chief Executive Officer), David J. Bronczek (FedEx's President and Chief Operating Officer), Alan G. Graf, Jr., (Executive Vice President and FedEx's Chief Financial Officer), Robert B. Carter (Executive Vice President, FedEx Information Services, and FedEx's Chief Information Officer), and Mark Allen (Executive Vice President, FedEx's General Counsel and Secretary).

33.    Alternatively, FedEx may be served in this state under the Georgia Non-Resident Motorist Act by delivering service of summons and complaint to the Secretary of State as provided in O.C.G.A. §§ 40-12-1 *et seq*. and 9-11-4(j).

34.    FedEx Freight is a foreign corporation organized under Arkansas law, and is a citizen and resident of that state whose principal place of business is 2200 Forward Drive, Harrison, Boone County, Arkansas 72601-2004.

35.    FedEx Freight is authorized to do business in Georgia and this district and division, and was doing business in this district and division at all times relevant to this action.

36.    The claims asserted in this action arise out of FedEx Freight's transaction of business in this state, district, and division.

37.    FedEx Freight may be served by delivering the summons and complaint to its registered agent, The Corporation Company, at its registered address, 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

38.    FedEx Freight is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-50 *et seq*.

39.    FedEx Freight operates a Service Center at 145 Collins Industrial Boulevard, Athens, Clarke County, Georgia 30601 in this district and division.

40.     FedEx Freight is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

41.     FedEx Freight is a wholly owned and controlled subsidiary of FedEx.

42.     FedEx created FedEx Freight to perform less-than-truckload (LTL) freight services for FedEx.

43.     FedEx Freight conducts FedEx's LTL operations and performs LTL activities on FedEx's behalf, an undertaking that FedEx would have to conduct or perform itself if FedEx Freight did not exist.

44.     FedEx Freight is a conduit through which FedEx conducts LTL business operations in the United States, Georgia, and elsewhere.

45.     FedEx Freight is one of many wholly-owned operating sections or divisions of FedEx operating under the FedEx brand name in the United States and Georgia, and is a part of the single FedEx enterprise.

46.     At all times relevant to this action, FedEx Freight was the agent or alter ego of FedEx, acting within the course and scope of its agency, in pursuit of FedEx's business, or a joint venturer with FedEx.

47.     FedEx is subject to liability for injuries and harm proximately caused by the wrongful acts or omissions of FedEx Freight and its agents' and employees' wrongful acts or omissions that are imputed to FedEx.

48.     This action arises out of tortious acts or omissions FedEx Freight has committed in this state, district, and division in the operation of the FedEx Truck by its agent, employee, or statutory employee, Fleming.

49.    These tortious acts or omissions resulted in Mr. Glass's fatal injuries, ultimately leading to his death in this state, district and division.

50.    FedEx Freight Corp. is a foreign corporation organized under Delaware law, and is a citizen and resident of that state whose principal place of business is 1715 Aaron Brenner Drive, Suite 600, Memphis, Shelby County, Tennessee 38120.

51.    FedEx Freight Corp. has not applied to the Georgia Secretary of State for a certificate of authority to do business in Georgia and has not designated a registered office and agent as required by O.C.G.A. § 14-2-1501 *et seq.*

52.    FedEx Freight Corp. was in fact doing business in this state at all times relevant to this action.

53.    The claims asserted in this action arise out of FedEx Freight Corp.'s transaction of business in this state, district, and division.

54.    FedEx Freight Corp. is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-50 *et seq.*

55.    FedEx Freight Corp. is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to the Georgia Motor Carrier Act of 2012, O.C.G.A. § 40-1-117(b).

56.    FedEx Freight Corp. is a wholly owned and controlled subsidiary of FedEx.

57.    FedEx created FedEx Freight Corp. to conduct operations and perform activities on its behalf that it would have to conduct or perform itself if FedEx Freight did not exist.

58.    FedEx Freight Corp. is a conduit through which FedEx conducts its business operations in the United States, Georgia, and elsewhere.

59.    FedEx Freight Corp. is one of many operating sections or divisions of FedEx operating under the FedEx brand name in the United States and Georgia, and is a part of the single FedEx enterprise.

60.    At all times relevant to this action, FedEx Freight Corp. was the agent and alter ego of FedEx, acting within the course and scope of its agency, in pursuit of FedEx's business, or a joint venturer with FedEx.

61.    FedEx is subject to liability for injuries and harm proximately caused by the wrongful acts or omissions of FedEx Freight Corp. and its agents' and employees' wrongful acts or omissions that are imputed to FedEx.

62.    This action arises out of tortious acts or omissions FedEx Freight Corp. has committed in this state, district, and division in the operation of a commercial tractor-trailer vehicle by its agent, employee, or statutory employee, Fleming.

63.    These tortious acts or omissions resulted in Mr. Glass's fatal injuries, ultimately leading to his death in this state, district and division.

64.    FedEx Freight Corp. is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

65.    FedEx Freight Corp. is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to the Georgia Long-Arm Statute, O.C.G.A. §§ 9-10-90 *et seq*.

66.    FedEx Freight Corp. accepted the rights and privileges conferred by the laws of Georgia as evidenced by its operation of a motor vehicle within the territorial limits of Georgia and this district and division, through its agents and alter egos, FedEx Freight, or Fleming, or both of them.

67.     FedEx Freight Corp. is subject to the jurisdiction of this Court and venue of this action properly lies in this district and division pursuant to the Georgia Nonresident Motorist Act, O.C.G.A. §§ 40-12-1 *et seq.*

68.     FedEx Freight Corp. may be served outside this state under the Georgia Long-Arm Statute by delivering the summons and complaint to one of its officers or managing agents at its principal place of business as provided in O.C.G.A. §§ 9-10-94 and 9-11-4(g) and (j) and F.R.C.P. 4(h). These officers or managing agents include, but are not limited to, Frederick W. Smith (FedEx's Chairman and Chief Executive Officer), Michael L. Ducker (FedEx Freight Corp.'s President and Chief Executive Officer), Claude F. Russ (FedEx Freight Corp.'s Senior Vice President of Finance and Chief Financial Officer), and Virginia C. Addicott (President and CEO, FedEx Custom Critical).

69.     Alternatively, FedEx Freight Corp. may be served in this state under the Georgia Non-Resident Motorist Act by delivering service of summons and complaint to the Secretary of State as provided in O.C.G.A. §§ 40-12-1 *et seq.* and 9-11-4(j).

70.     At all times relevant to this action, FedEx, FedEx Freight, and FedEx Freight Corp. owed non-delegable duties to the public imposed on them by Federal and Georgia laws regulating motor carriers, including the duty to comply with all applicable traffic laws.

71.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

72.     Subject matter jurisdiction of this Court is based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

**Conditions Precedent**

73.     All conditions precedent to the bringing of this action and Plaintiff's right to the relief sought herein have occurred, have been performed, or have been excused.

**Background Facts**

74.     On or about December 27, 2013, at or around 10:00 p.m., Fleming was driving the FedEx Truck. The FedEx Truck was owned, possessed, controlled, and operated by either Fleming, FedEx, FedEx Freight, FedEx Freight Corp., or some or all of them.

75.     At that time and place, Fleming was travelling westbound in the FedEx Truck on Georgia State Highway No. 10 (the Atlanta Highway) in Athens-Clarke County, Georgia.

76.     At that time and place, Fleming was performing the obligation of FedEx, FedEx Freight, FedEx Freight Corp., or some or all of them, as a motor carrier under a contract to transport property for hire. Fleming was performing this obligation directly or indirectly for the financial benefit of FedEx, FedEx Freight, FedEx Freight Corp., or some or all of them, as well as the single FedEx enterprise.

77.     At that time and place, Mr. Glass was walking westbound along the Atlanta Highway at an area west of its intersection with Commerce Boulevard.

78.     Mr. Glass was walking on the right side of the roadway, in a dedicated turn lane providing safe access to a commercial driveway, and not in one of the westbound travel lanes.

79.     The Atlanta Highway is a four-lane highway.

80.     There was neither a sidewalk nor an available roadway shoulder for Mr. Glass to walk on.

81.     Fleming was driving the FedEx Truck in the outside westbound travel lane of the roadway, and was approaching and overtaking Mr. Glass from behind him and to his left.

82.     As between the FedEx Truck driven by Fleming and Mr. Glass, Mr. Glass had the right of way as a pedestrian being approached and overtaken from behind by a motor vehicle.

83.     At that time and place, Fleming's view of traffic signs, signals, control devices, obstructions, as well as the roadway, its dedicated turn lane, its adjacent shoulder, as well as Mr. Glass himself, was clear and unobstructed.

84.     At that time and place, Fleming drove the FedEx Truck at a speed greater than was reasonable and prudent under the conditions and the actual and potential hazards then existing, *i.e.*, approaching and overtaking a pedestrian on the highway from behind him to his left in violation of O.C.G.A. § 40-6-180.

85.     At that time and place, Fleming failed to use due care to keep a proper lookout and maintain control over the speed and movements of the FedEx Truck to avoid colliding with and injuring Mr. Glass, who was a pedestrian lawfully using the highway.

86.     At that time and place, Fleming was following Mr. Glass too closely.

87.     At that time and place, Fleming failed to yield the right of way to Mr. Glass.

88.     Fleming's conduct violated Georgia traffic laws, including O.C.G.A. § 40-6-93 (Drivers to exercise due care).

89.     At that time and place, Fleming violated O.C.G.A. § 40-6-48(1) when he failed to maintain his travel lane on the roadway, and steered or allowed his vehicle to veer or drift to the right outside of the travel lane and into the dedicated turn lane in which Mr. Glass was walking.

90.     At that time and place, Fleming was inattentive while driving the FedEx Truck due to fatigue.

91.     At that time and place, Fleming was driving the FedEx Truck in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390(a).

92.     At that time and place, Fleming was driving the FedEx Truck while under the influence of and impaired by tramadol, a narcotic-like pain killer whose side effects include

lightheadedness, dizziness, and drowsiness,[2] to the extent that it was less safe for him to drive in violation of O.C.G.A. § 40-6-391(a).

93.     FedEx, FedEx Freight, and FedEx Freight Corp., or some or all of them were aware that Fleming was using tramadol and knowingly permitted him to drive the FedEx Truck under the influence of and impaired by tramadol.

94.     Fleming struck Mr. Glass from behind, and caused him serious personal injuries that ultimately resulted in his needless and avoidable death.

95.     Fleming's conduct constitutes serious traffic offenses, Reckless Driving in violation of O.C.G.A. § 40-6-390, Diving under the influence of drugs in violation of O.C.G.A. § 40-6-391(a), and Homicide by Vehicle in violation of O.C.G.A. § 40-6-393 (a) or (c).

96.     Fleming's conduct in driving and operating the FedEx Truck was willful misconduct.

97.     Fleming's conduct in driving and operating the FedEx Truck was wanton misconduct.

98.     Fleming's conduct in driving and operating the FedEx Truck was reckless misconduct.

99.     Fleming's conduct in driving and operating the FedEx Truck was negligent misconduct.

100.    Fleming's conduct in driving the FedEx Truck was negligent *per se*.

101.    Fleming's conduct in driving the FedEx Truck was criminal negligence.

---

[2] See: www.drugs.com/tramadol.html. Visited October 23, 2015.

102.    Fleming's wrongful acts and omissions solely and proximately caused the FedEx Truck to collide with Mr. Glass on the westbound shoulder of Atlanta Highway, resulting in fatal personal injuries to Mr. Glass.

103.    Fleming's conduct in driving and operating the FedEx Truck was done with conscious indifference to the consequences and the rights and safety of persons and property.

104.    Fleming acted in bad faith in the transaction or occurrence forming the basis of Plaintiff's claims asserted herein, and FedEx, FedEx Freight Corp, and FedEx Freight are subject to liability to the Plaintiff Norma Glass for her reasonable expenses of litigation, including attorney's fees.

## COUNT 1
## CLAIM FOR WRONGFUL DEATH

105.    Paragraphs 1 through 104 are incorporated by reference.

106.    As a result of the collision, Mr. Glass sustained serious bodily injuries, physical pain and suffering, and mental and emotional distress.

107.    Mr. Glass died as a proximate result of the injuries he suffered in the collision.

108.    By reason of the foregoing, Defendants are subject to liability to Plaintiff Norma Glass for damages authorized by law for Mr. Glass' homicide equal to the full value of his life, to himself had he lived, without deduction of personal or other expenses.

109.    In addition, the Plaintiff Norma Glass is entitled to recover her reasonable expenses of litigation, including attorney's fees, as an element of damages pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff Norma Glass, as Mr. Glass' surviving mother, demands a trial by jury and judgment against the Defendants for such sums as the evidence shall show her to be justly entitled to recover as compensatory damages, attorney's fees and litigation expenses, together with interest, if applicable, and all costs.

## COUNT 2
## ROGER PHILIP GLASS III ESTATE CLAIM

110.    Paragraphs 1 through 104 are incorporated by reference.

111.    As a result of the collision, Mr. Glass suffered serious personal injuries, including physical and mental pain and emotional distress.

112.    As a result of the collision, Mr. Glass incurred medical and other expenses.

113.    As a result of the collision, Mr. Glass' Estate has incurred funeral and other expenses.

114.    By reason of the foregoing, Mr. Glass' Estate is entitled to recover general and special compensatory damages for his personal injuries.

115.    By reason of the foregoing, Mr. Glass' Estate is entitled to recover its reasonable expenses of litigation, including attorney's fees, as an element of damages pursuant to O.C.G.A. § 13-6-11.

116.    By reason of the foregoing, punitive damages should be imposed against the Defendants to punish, penalize and deter repetition of such wrongful conduct.

WHEREFORE, Plaintiff Norma Glass, as Administrator of Mr. Glass' Estate, demands trial by jury and judgment against Defendants for such sums as the evidence shall show her to be justly entitled to recover as compensatory damages, attorney's fees, and litigation expenses, including interest, if applicable, and all costs, together with punitive damages to punish, penalize and deter repetition of such wrongful conduct.

Attorneys for Plaintiff:
**THE STONE LAW GROUP**
**TRIAL LAWYERS, LLC**

By: *s/William S. Stone*

William S. Stone
Georgia State Bar No. 684636

P. O. Drawer 70
Blakely, Georgia 39823
TEL 229/723-3045
FAX 229/723-4834
W. Stone email: billstone@stonelaw.com

By: *s/James W. Stone*

James W. Stone
Georgia State Bar No. 328708

5229 Roswell Rd. NE
Atlanta, GA 30342
TEL 404/239-0305
FAX 404/445-8003
J. Stone email: james@stonelaw.com

**COOK &TOLLEY LLP**

By: *s/Edward D. Tolley*

Edward D. Tolley
Georgia State Bar No.: 714300

By: *s/Devin Hartness Smith*

Devin Hartness Smith
Georgia State Bar No.: 918980

By: *s/E. Spencer Tolley*

E. Spencer Tolley
Georgia State Bar No.: 870980

304 East Washington Street
P. O. Box 1927
Athens, Georgia 30601
TEL    706/549-6111
FAX    706/548-0956
Tolley Email:  etolley@cooktolley.com
                janet@cooktolley.com
Smith Email:   devinhsmith@cooktolley.com