IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| NORMA GLASS, *as Temporary Administrator of the Estate of Roger Phillip Glass, III*, | * * * |
| Plaintiff, | * |
| vs. | * |
| FEDEX CORPORATION; FEDEX FREIGHT, INC.; and FEDEX FREIGHT CORPORATION, | * * * |
| Defendants. | * |

CASE NO. 3:17-CV-143 (CDL)

O R D E R

Presently pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).[1] For the reasons set forth below, the Court denies that motion (ECF No. 7). Plaintiff's request for jurisdictional discovery to respond to Defendants' contention that this Court also lacks personal jurisdiction over the Defendants (ECF No. 14) is granted.

---

[1] Resolution of this motion has been prolonged with Defendants even agreeing at one point to withdraw the motion. But because the motion raises issues of subject matter jurisdiction that arguably cannot be waived, the Court has determined that it must decide the issues.

BACKGROUND

Plaintiff's son, Roger Phillip Glass III, was struck and killed by a tractor-trailer driven by David Kent Fleming. Plaintiff filed a wrongful death action in the State Court of Athens-Clarke County, Georgia, alleging that Fleming was operating the vehicle for Defendants FedEx Corporation, FedEx Freight, Inc., and FedEx Freight Corporation. Defendants did not dispute that Fleming was operating the tractor-trailer in the scope of his employment with FedEx Freight, Inc., and Defendants did not dispute that the state court had personal jurisdiction over FedEx Freight, Inc. FedEx Corporation and FedEx Freight Corporation did, however, argue that the state court lacked personal jurisdiction over them and moved to dismiss Plaintiff's claims against them on that ground. The state court granted the motion, concluding that Plaintiff had not presented sufficient evidence to establish personal jurisdiction over these two Defendants. *See generally* Order Granting Mot. to Dismiss, *Glass v. FedEx Corp.*, ST-15-CV-0435 (State Ct. of Athens-Clarke Cty. June 6, 2017), ECF No. 17-5.

The state court also denied Plaintiff's motion to compel responses to her discovery requests related to the issue of personal jurisdiction. Order Den. Mot. to Compel, *Glass v. FedEx Corp.*, ST-15-CV-0435 (State Ct. of Athens-Clarke Cty. June 9, 2017), ECF No. 17-6. And the state court denied Plaintiff

permission to take an immediate appeal of the order dismissing Plaintiff's claims against FedEx Corporation and FedEx Freight Corporation for lack of personal jurisdiction. Order Den. Mot. for Certificate of Immediate Review, *Glass v. FedEx Corp.*, ST-15-CV-0435 (State Ct. of Athens-Clarke Cty. June 15, 2017), ECF No. 17-2. Plaintiff thus could not appeal that order. Instead, Plaintiff voluntarily dismissed the remainder of the state court action and filed this action in federal court asserting the same wrongful death claims she had asserted in the state court action. With regard to personal jurisdiction, Plaintiff alleges in this action that FedEx Corporation, a Delaware corporation with its principal place of business in Tennessee, transacted business in Georgia "through its agents, alter egos, joint ventures, and wholly owned and controlled subsidiaries, including FedEx Freight[, Inc.] and FedEx Freight Corp.," and that Plaintiff's claims arise out of FedEx Corporation's transaction of business in Georgia. Compl. ¶¶ 15-33, ECF No. 1. Plaintiff also alleges that FedEx Freight Corporation, a Delaware corporation with its principal place of business in Tennessee, transacted business in Georgia and that Plaintiff's claims arise out of its transaction of business in Georgia. *Id.* ¶¶ 50-69.

FedEx Corporation and FedEx Freight Corporation filed a motion to dismiss this federal action, arguing that the Court

3

lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. In the alternative, these Defendants argue that the Court cannot exercise personal jurisdiction over them based on the factual record.[2] Plaintiff contends that the *Rooker-Feldman* doctrine does not apply, and she seeks jurisdictional discovery so she can investigate these Defendants' contacts with Georgia before responding to their motion to dismiss on personal jurisdiction grounds.

## DISCUSSION

The sole question for the Court today is whether the *Rooker-Feldman* doctrine bars Plaintiff from maintaining this action against FedEx Corporation and FedEx Freight Corporation based on the state court's determination that it could not exercise personal jurisdiction over these two Defendants in the state court action. The state court decided that it could not exercise personal jurisdiction over these two Defendants because

---

[2] Plaintiff had the initial burden of alleging "sufficient facts to make out a prima facie case of jurisdiction" in this action. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Then, the defendants challenging jurisdiction have the burden to submit evidence in support of their position. *Id.* The Defendants submitted an affidavit regarding the relationship between FedEx Corporation, FedEx Freight Corporation, and FedEx Freight, Inc., *see* Eslami Aff., ECF No. 7-2, which they contend establishes that this Court cannot exercise personal jurisdiction over FedEx Corporation and FedEx Freight Corporation. So, the burden shifts back to Plaintiff "to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257 (quoting *Mazer*, 556 F.3d at 1274). Plaintiff asserts that she cannot rebut Defendants' affidavit without some jurisdictional discovery.

4

the record before it did not reveal sufficient contacts with Georgia, although the state court denied Plaintiff's motion to compel responses to her jurisdictional discovery requests and did not allow Plaintiff to conduct jurisdictional discovery to investigate these two Defendants' contacts with Georgia.

The *Rooker-Feldman* doctrine eliminates subject matter jurisdiction in the federal district courts "over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, No. 16-10141, 2018 WL 706524, at *1 (11th Cir. Feb. 5, 2018). "The doctrine is rooted in an understanding that Congress[, under 28 U.S.C. § 1257,] has given only the United States Supreme Court the ability to hear an appeal from a state court" final judgment or decree. *Id.* at *4; *accord Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("[Section] 1257, as long interpreted, vests authority to review a state-court judgment solely in [the Supreme] Court."). In contrast, this Court has "original, not appellate, jurisdiction." *Target Media Partners*, 2018 WL 706524, at *4 (citing 28 U.S.C. §§ 1331, 1332). The *Rooker-Feldman* bar is "narrow," and federal courts must "ensure that litigants whose claims are properly within the cognizance of the courts are not denied a hearing." *Id.* at *1.

5

The *Rooker-Feldman* doctrine is based on two U.S. Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, parties who lost in state court brought suit in federal district court to have the state court judgment "declared null and void." *Rooker*, 263 U.S. at 414. In *Feldman*, parties who were denied waivers from a bar admission requirement by the District of Columbia Court of Appeals (the District's highest court) filed suit in federal district court seeking an injunction allowing them to be admitted to the bar and a declaration that the D.C. court's actions violated federal law. *Feldman*, 460 U.S. at 468-69. The Supreme Court concluded that the district court did not have jurisdiction over the claim for injunctive relief, which would have required the district court to "review a final judicial decision of the highest court of a jurisdiction." *Id.* at 486. The district court did have jurisdiction over the claims that amounted to "a general attack on the constitutionality" of certain bar rules, although the Supreme Court did not reach the question whether the doctrine of res judicata applied to foreclose litigation of those claims. *Id.* at 487-88.

In both *Rooker* and *Feldman*, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court

6

judgment and seeking review and rejection of that judgment." *Exxon Mobil*, 544 U.S. at 291. In other words, the plaintiffs asked the district court "to overturn an injurious state-court judgment." *Id.* at 292. Again, under 28 U.S.C. § 1257, only the Supreme Court has authority to review a state court's final judgment, which is why the district courts lacked jurisdiction in *Rooker* and *Feldman* even though the district courts otherwise would have been able to adjudicate the matters under a congressional grant of authority such as 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity).

The Supreme Court has only applied the *Rooker-Feldman* doctrine to bar subject matter jurisdiction in two cases: *Rooker* and *Feldman*. The lower courts gradually expanded the doctrine, but the Supreme Court in *Exxon Mobil* "concluded that the inferior federal courts had been applying *Rooker–Feldman* too broadly." *Target Media Partners*, 2018 WL 706524, at *5 (citing *Exxon Mobil*, 544 U.S. at 283). The Supreme Court emphasized that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

7

those judgments." *Exxon Mobil*, 544 U.S. at 284.[3] So, if the federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (alterations in original) (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

Following *Exxon Mobil*, the Eleventh Circuit applies *Rooker-Feldman* "to bar only those claims asserted by parties who have lost in state court and then ask the district court, ultimately, to review and reject a state court's judgments." *Target Media Partners*, 2018 WL 706524, at *5; *accord Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006))). Thus, the central question for the Court here is whether Plaintiff's federal claims in this Court "invite

---

[3] *Exxon Mobil* was not such a case; it involved parallel litigation in state court and federal court. While a pretrial ruling in favor of the federal court plaintiff/state court defendant was before the federal Court of Appeals on an interlocutory appeal, the state court held a jury trial and entered a judgment in that party's favor. At that point, the federal Court of Appeals concluded, *sua sponte*, that federal jurisdiction terminated when the state court entered the judgment on the jury verdict. The Supreme Court reversed, concluding that *Rooker-Feldman* "did not emerge to vanquish jurisdiction" after the federal court plaintiff/state court defendant won the state court trial. *Id.* at 294.

8

rejection of a state court decision." *Target Media Partners*, 2018 WL 706524, at *5. Such an invitation exists if Plaintiff's claims asserted in this Court were "actually adjudicated by a state court" or were "'inextricably intertwined' with a state court judgment." *Id.* (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)).[4] They were not.

It is clear that Plaintiff's wrongful death claims were not adjudicated by the state court, and it is clear that there was no state court final judgment against Plaintiff on her wrongful death claims. *Cf. South v. Montoya*, 537 S.E.2d 367, 369 (Ga. Ct. App. 2000) (stating that once a trial court determines that it lacks jurisdiction over the defendant, it "loses jurisdiction to rule on the merits of the case"). Defendants do not appear to deny that there was no final judgment based on the state court's dismissal for lack of jurisdiction; they simply contend that a state court final judgment is not required for *Rooker-Feldman* to apply. But at least one panel of the Eleventh

---

[4] A claim is only "'inextricably intertwined' if it asks to 'effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.'" *Target Media Partners*, 2018 WL 706524, at *5 (quoting *Casale*, 558 F.3d at 1260). But "a federal claim is not 'inextricably intertwined' with a state court judgment when there was no 'reasonable opportunity to raise' that particular claim during the relevant state court proceeding. *Id.* (quoting *Casale*, 558 F.3d at 1260). "Thus, the class of federal claims that" the Eleventh Circuit has "found to be 'inextricably intertwined' with state court judgments is limited to those raising a question that was or should have been properly before the state court." *Id.*

9

Circuit has held that the *Rooker-Feldman* doctrine does *not* apply when the state court decision at issue is not a "final state court judgment." *Smith v. HSBC Bank USA,* 679 F. App'x 876, 878 (11th Cir. 2017) (per curiam). In *Smith*, the Eleventh Circuit panel found that the state court's denial of a temporary restraining order request was not a "final state court judgment" to which the *Rooker-Feldman* doctrine applied. *Id.* (citing O.C.G.A. § 9-11-54(a)). In reaching this conclusion, the Eleventh Circuit emphasized that the state court's temporary restraining order decision was not a "judgment" under O.C.G.A. § 9-11-54(a) because it was not a decree or order "from which an appeal lies" given that appeals of orders granting or denying a temporary restraining order are not authorized under O.C.G.A. § 5-6-34(a)(7). *Id.*

Similarly, here, the state court's dismissal of Plaintiff's claims against FedEx Corporation and FedEx Freight Corporation for lack of personal jurisdiction was not a final judgment. Under Georgia law, dismissal under O.C.G.A. § 9-11-12(b)(2) for lack of personal jurisdiction is a dismissal without prejudice as a matter in abatement. *South*, 537 S.E.2d at 369. A dismissal without prejudice means that the plaintiff may refile the claim with sufficient factual allegations to support the claim (including a jurisdictional basis for the claim). And, since the state court judge only dismissed FedEx Corporation and

FedEx Freight Corporation for lack of personal jurisdiction and did not dismiss Plaintiff's claims against the other Defendants, it did not enter a final judgment within the meaning of O.C.G.A. § 5-6-34(a)(1), which defines a final judgment as meaning that "the case is no longer pending in the court below." Because the state court's personal jurisdiction decision was not a final judgment, it could only be appealed via the discretionary appeal procedure under O.C.G.A. § 5-6-34(b). Plaintiff sought to follow that procedure, but the state court judge denied Plaintiff's request for a certificate of immediate review.

In summary, the state court's dismissal of FedEx Corporation and FedEx Freight Corporation for lack of personal jurisdiction was not a final state court judgment; Plaintiff's wrongful death claims were not actually adjudicated by the state court, and the claims were not inextricably intertwined with a state court final judgment. Since the *Rooker-Feldman* doctrine only applies when there is a final state court judgment and since the state court did not issue a final judgment on Plaintiff's wrongful death claims, *Rooker-Feldman* does not bar this action. This Court must decide the personal jurisdiction

11

issue based on the facts before it, which may not be the same as the facts that were before the state court.[5]

CONCLUSION

As discussed above, Defendants' motion to dismiss on *Rooker-Feldman* grounds (ECF No. 7) is denied. The Court grants Plaintiff's request for jurisdictional discovery (ECF No. 14). Defendants may file a new motion to dismiss for lack of personal jurisdiction after that discovery has been completed if warranted. The present motion to dismiss is terminated. Within fourteen days of today's Order, the parties shall file a

---

[5] The Court is aware that years before the Supreme Court decided *Exxon-Mobil*, a Florida district judge dismissed a federal court action on *Rooker-Feldman* grounds because a Florida state court had previously determined that it did not have personal jurisdiction over two of the defendants. *See generally Bosdorf v. Beach*, 79 F. Supp. 2d 1337 (S.D. Fla. 1999). The Florida district judge acknowledged that the case did "not fall within the typical *Rooker–Feldman* framework in that [the plaintiffs] have not directly challenged the state court's ruling or asked this court to direct the state court to do something," but the Florida district judge concluded that the "spirit" of the *Rooker-Feldman* doctrine warranted its application in that context. *Id.* at 1341. The Florida district judge also acknowledged that there was no final judgment but concluded that a final judgment was not required "before giving preclusive effect to a state court order." *Id.* at 1340. This ruling now has no persuasive value in light of *Exxon Mobil* and *Smith*. Even if it did, *Bosdorf* is distinguishable from this case because the Florida district judge emphasized that the plaintiff in *Bosdorf* had a full and fair opportunity to litigate the personal jurisdiction issue in state court and that the plaintiffs' failure to obtain jurisdictional discovery in the state court action was caused by their own inaction and not because the state court denied them an opportunity to obtain it. *Id.* at 1342. In contrast, here, Plaintiff served jurisdictional discovery requests on the FedEx Corporation and FedEx Freight Corporation and asked the state court to compel responses to that discovery, but her motion to compel was denied. Thus, it appears that Plaintiff did not have a full and fair opportunity to litigate the personal jurisdiction issue in the state court.

proposed scheduling/discovery order that sets a schedule for jurisdictional discovery and related dispositive motions.

IT IS SO ORDERED, this 9th day of February, 2018.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA